Public Bancorporation, complainant-appellant,

*v.*

Atlantic City Wimsett Thrift Company et al., defendants-respondents.

[Submitted October term, 1932.   Decided January 31st, 1933.]

*Messrs. Cassman & Gottlieb,* for the appellant.

*Messrs. Endicott & Endicott,* for the respondents.

The opinion of the court was delivered by

Heher, J.

Complainant's bill alleged that it was the owner of two thousand shares of common stock of the defendant Atlantic City Wimsett Thrift Company, a corporation of this state; that this company, pursuant to a resolution adopted by its board of directors on April 29th, 1931, issued one thousand ninety-eight shares of its common stock, the balance of its authorized common stock then unissued, to the individual defendants, without notice to complainant, and without affording it an opportunity to subscribe thereto, in proportion to its holdings of the common stock of the corporation; and that said issue was fraudulent as to complainant. It was further alleged that the annual meeting of the corporation would be held shortly thereafter, and that the holders of the

stock so issued intended to vote at said meeting. The bill prayed that the defendants be restrained from voting said stock at this or any subsequent meeting, and that the certificates be delivered up for cancellation. An order was entered directing defendants to show cause why they should not be enjoined in accordance with the prayer of the bill. The defendants, in the meantime, were restrained from voting the stock. Subsequently, after hearing, the order to show cause was dismissed, and the appellant appeals from that order and a supplemental order abrogating the restraint.

The corporate defendant was authorized by its certificate of incorporation to issue one thousand five hundred shares of preferred stock, and five thousand shares of common stock, without nominal or par value. The incorporators were officers of the National Wimsett Company, and its subsidiary, the National Wimsett Securities Corporation. It was organized for the purpose of engaging in the "small loan" business in Atlantic City. On June 7th, 1928, and before the corporate defendant had commenced business, it entered into two agreements, one with the National Wimsett Company, providing for the installation by the latter of the "Wimsett System," and the other with the National Wimsett Securities Corporation, constituting the latter its fiscal agent for the sale of its capital stock on a commission basis, and granting to it the option to subscribe for two thousand five hundred shares of the corporate defendant's common stock.

On September 12th, 1928, the corporate defendant's board of directors, who were officers of the parent companies, resigned, and a board consisting of Atlantic City residents was elected. It was planned to interest local capital in the enterprise, and to make this possible, the securities corporation and the corporate defendant entered into a supplemental agreement, in October, 1928, whereby the securities corporation's option to purchase the corporate defendant's stock was limited to two thousand shares. This was to insure the control of the corporation by the local stockholders. Approximately seven hundred shares of preferred and one thousand nine hundred shares of the common stock were thereafter sold by the securi-

ties corporation to local investors, and the securities corporation exercised its option and purchased two thousand shares of the common stock. This stock was later transferred to complainant, but it was not registered in its name on the books of defendant corporation on April 29th, 1931, when its board of directors decided to sell the unissued stock to raise funds to satisfy in part an obligation of the corporate defendant to the Second National Bank of Atlantic City.

In these circumstances, complainant was not in a position to ask for the preliminary relief sought. Its predecessor in title, the securities corporation, by virtue of its agreement with the corporate defendant, could not subscribe for more than two thousand shares. This limitation was imposed to guarantee local control of the corporation, and thus stimulate the sale of its stock to local investors. The right of complainant to purchase stock in excess of the number of shares limited to its predecessor was unsettled, and in that situation it was proper to deny the relief requested. The applicable rule is stated by Chief-Justice Beasley, as follows: "No rule of equity is better settled than the doctrine that a complainant is not in a position to ask for a preliminary injunction when the right on which he founds his claim is, as a matter of law, unsettled." *Citizens Coach Co.* v. *Camden Horse Railroad Co., 29 N. J. Eq. 299, 304.*

The orders brought up for review will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.